# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1229V
Filed: March 27, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| WILLIAM DAVIS and SHANNON DAVIS, as guardians of ELIZABETH DAVIS, an adult, | * * * * | UNPUBLISHED |
| Petitioner, | * * | Decision on Damages; Tetanus, Diphtheria, Acellular Pertussis ("Tdap") |
| v. | * * | Vaccine; Complex Regional Pain Syndrome ("CRPS"); Proffer. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | | |
| * * * * * * * * * * * * * * | | |

*David Richards, Esq.*, Christensen & Jensen, P.C., Salt Lake City, UT, for petitioner.
*Alexis Babcock, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On September 29, 2016, Yahvel Murphy filed a petition on behalf of her daughter, Elizabeth Davis, alleging that Elizabeth suffered Complex Regional Pain Syndrome ("CRPS") and related sequelae following a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine she received on October 1, 2013, and seeking compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petition, ECF No. 1. On June 29, 2017, respondent filed his Rule 4(c) Report, conceding that Elizabeth was entitled to compensation. ECF No. 14. A Ruling on Entitlement was issued thereafter on November 15, 2017, finding Elizabeth entitled to compensation for her CRPS and related sequelae. ECF No. 18.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Respondent filed a proffer on March 27, 2023, agreeing to issue the following payment:

1) **A lump sum payment of $104,000.00,** representing compensation for life care expenses in the first year after judgment ($4,000.00) and pain and suffering ($100,000.00), in the form of a check payable to petitioners as guardians of the estate of Elizabeth Davis for the benefit of Elizabeth Davis;

2) **A lump sum payment of $781.21,** representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners;

3) **An amount sufficient to purchase the annuity contract described below in section II.C.**

Proffer, ECF No. 96.

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WILLIAM DAVIS and SHANNON DAVIS, ) <br> as guardians of ELIZABETH DAVIS, an adult, ) <br> ) <br> Petitioners, ) <br> ) <br> v.   ) <br> ) <br> SECRETARY OF THE DEPARTMENT OF ) <br> HEALTH AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 16-1229V <br> Special Master Mindy Michaels Roth <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 29, 2016, Yahvel Murphy filed a petition on behalf of her daughter Elizabeth Davis ("Elizabeth"), seeking compensation for Central Sensitization Syndrome or Complex Regional Pain Syndrome ("CRPS") and related sequela allegedly sustained as a result of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on October 1, 2013.[1] Petition ("Pet.") at 1. On June 29, 2017, respondent filed a report pursuant to Vaccine Rule 4(c) in which he conceded that Elizabeth is entitled to compensation for her claim of CRPS and its related sequelae. Respondent's Report at 6. Specifically, respondent agrees with the claim that Elizabeth's CRPS was caused-in-fact by the Tdap vaccination she received on October 1, 2013. Accordingly, on November 15, 2017, Special Master Roth issued a Ruling on Entitlement

---

[1] On December 6, 2021, the Court granted a request to amend the case caption to substitute petitioners as the legal guardians of Elizabeth Davis.

-1-

finding that Elizabeth is entitled to vaccine compensation for CRPS following the Tdap vaccine she received on October 1, 2013. ECF No. 18.

**I.      Items of Compensation**

    A.      Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, and petitioners engaged Sheryl Wainwright, MBA, BSN, RN, CCM, LNCC, CLCP, MSCC, to provide an estimation of Elizabeth's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for E.D., attached hereto as Tab A.[2] Petitioners agree.

    B.      Pain and Suffering

Respondent proffers that E.D. should be awarded $100,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

    C.      Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to Elizabeth's vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $781.21. Petitioners agree.

---

[2] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

II. **Form of the Award**

The parties recommend that the compensation provided to Elizabeth should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A. A lump sum payment of $104,000.00, representing compensation for life care expenses in the first year after judgment ($4,000.00) and pain and suffering ($100,000.00), in the form of a check payable to petitioners as guardians/conservators of the estate of Elizabeth Davis, for the benefit of Elizabeth Davis. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of Elizabeth's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of Elizabeth Davis, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the estate of Elizabeth Davis upon submission of written documentation of such appointment to the Secretary.

B. A lump sum payment of $781.21, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.

C. An amount sufficient to purchase the annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[3] Should Elizabeth die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners only so long as Elizabeth is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A. M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: five percent (5%) compounded annually from the date of judgment for medical items, and four percent (4%) from the date of judgment for non-medical life care items. Petitioners agree.

        2.      <u>Life-Contingent Annuity</u>

The guardians will continue to receive the annuity payments from the Life Insurance Company only so long as Elizabeth is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services, and the Life Insurance Company within twenty (20) days of Elizabeth's death.

        3.      <u>Guardianship</u>

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of Elizabeth's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of Elizabeth Davis, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the estate of Elizabeth Davis upon submission of written documentation of such appointment to the Secretary.

**III.**    <u>**Summary of Recommended Payments Following Judgment**</u>

    A.    Lump Sum paid to petitioners as guardians of the
          estate of Elizabeth Davis for the benefit of Elizabeth Davis    **$104,000.00**

---

[6] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

  B.  Past unreimbursable expenses payable to petitioners:  **$  781.21**

  C.  An amount sufficient to purchase the annuity contract described above in section II.C.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General

          C. SALVATORE D'ALESSIO
          Director
          Torts Branch, Civil Division

          HEATHER L. PEARLMAN
          Deputy Director
          Torts Branch, Civil Division

          TRACI R. PATTON
          Assistant Director
          Torts Branch, Civil Division

          s/*Alexis B. Babcock*
          ALEXIS B. BABCOCK
          Assistant Director
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C. 20044-0146
          Tel: (202) 616-7678
          Email: alexis.babcock@usdoj.gov

Dated: March 27, 2023